IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Silverteen Mitchum, Mamie Gamble, | ) | C/A No. 4:11-1837-RBH-KDW |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Norma Bartelle, Barbara McKenzie, | ) | |
| Norman Gamble, W.C. Henryhand, Joe | ) | |
| Lee, James Darby, Sr., Charles Garner, Dr. | ) | |
| Yvonne Jefferson-Barnes, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiffs Silverteen Mitchum and Mamie Gamble ("Plaintiffs") brought this pro se action as "Concern[ed] Citizens of St. Mark Elementary School" opposing the closure of the community school. ECF No. 1. Defendants moved to dismiss the Complaint pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure contending the court lacks jurisdiction over Plaintiffs' claim and the allegations in the Complaint fail to set forth any grounds upon which relief can be granted. ECF No. 14.

This case is before the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C.

I.      Pro Se Review

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Even under this less stringent standard,

the Complaint filed in this case is subject to dismissal. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (noting requirement of liberal construction does not mean court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

II.     Discussion

Plaintiffs' Complaint does not provide a basis for this court's jurisdiction and does not contain an arguable legal theory upon which relief may be granted. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick, Md.*, 191 F.3d 394, 399 (4th Cir.1999) (citations omitted). However, "in the absence of an affirmative pleading of a jurisdictional basis a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Id.* (quoting 2 MOORE'S FEDERAL PRACTICE § 8.03[3] (3d ed. 1997) ("The pleading can either refer to the appropriate jurisdictional statute or contain factual assertions that, if proved, establish jurisdiction.")). Plaintiffs oppose the decision by the Williamsburg County School District Board of Trustees to close St. Mark Elementary School. Citing the school's

over 50 years of service to the children of the community and receipt of awards, Plaintiffs

ask the court issue a ruling requiring that the school remain open and become a magnet

school.  ECF No. 1 at 3-4.

> The basic statutory grants of federal-court subject-matter jurisdiction are
> contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for
> "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship"
> jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads
> a colorable claim "arising under" the Constitution or laws of the United
> States.  She invokes § 1332 jurisdiction when she presents a claim between
> parties of diverse citizenship that exceeds the required jurisdictional amount,
> currently $75,000.

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (internal citations omitted).  Here,

Plaintiffs have neither invoked federal-question[1] nor diversity of citizenship[2] jurisdiction.

"[F]ederal courts are allowed to hear and decide state-law claims in conjunction with federal-

law claims, through the exercise of 'supplemental jurisdiction.'" *Manigan v. Southside*

*Baptist Church*, No. 7-10-1478-RBH-BHH, 2010 WL 3059108, at *2 (D.S.C. June 14,

2010). While Plaintiffs may have a state-law claim, because Plaintiffs have "asserted no

cognizable federal claims," the court cannot exercise supplemental jurisdiction. *Id.*

As cited by Defendants, South Carolina law provides that school trustees have the

authority to provide schoolhouses, control school property, and transfer and assign pupils.

*See* S.C. Code Ann. § 59-19-90(1), (5), (9).  "Appeal of a decision by a district school board

whether to operate a school is governed by S. C. Code Ann. § 59-19-580 (1990) which

provides for direct appeal to the circuit court limited to questions of law." *Gamble v.*

*Williamsburg Cnty. School Dist.*, 408 S.E.2d 217, 218 (S.C. 1991) (requiring a clear abuse of

discretion to warrant judicial interference).  Even if this court were to construe Plaintiffs'

---

[1] Plaintiffs submitted, as exhibits to their Complaint, a letter asserting that the "new" school
[2] Plaintiffs and Defendants are residents of South Carolina.  *See* ECF No. 14-1 at 2.

Complaint as a claim for abuse of discretion by the Defendants, Plaintiffs have not alleged facts sufficient to state a claim upon which relief can be granted by this court.

III. Conclusion

As Plaintiffs have not provided a basis for subject matter jurisdiction, and have not alleged facts to support a legal theory upon which relief can be granted, the undersigned recommends the court grant Defendants' motion (ECF No. 14) and dismiss the complaint without prejudice.

IT IS SO RECOMMENDED.

March 6, 2012                                     Kaymani D. West
Florence, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**