IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Silverteen Mitchum, Mamie Gamble, ) | Civil Action No.: 4:11-cv-01837-RBH |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Norma Bartelle, Barbara McKenzie, ) | |
| Norman Gamble, W.C. Henryhand, Joe Lee, ) | |
| James Darby, Sr., Charles Garner, and Dr. ) | |
| Yvonne Jefferson-Barnes, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiffs, proceeding *pro se*, brought this action as "Concern[ed] Citizens of St. Mark Elementary School" opposing the closure of the community school. (*See* Compl. [Docket Entry 1] at 3.) On September 23, 2011, Defendants filed their [Docket Entry 14] Motion to Dismiss, along with a memorandum in support, [Docket Entry 14-1]. Because Plaintiffs are proceeding *pro se*, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on September 26, 2011, advising Plaintiffs of the motion to dismiss/summary judgment procedure and the possible consequences if they failed to adequately respond. After receiving an extension of time in which to do so, Plaintiffs filed their [Docket Entry 33] Response in Opposition to the Motion to Dismiss. Defendants thereafter filed their [Docket Entry 36] Reply.

This matter is now before the court with the [Docket Entry 45] Report and Recommendation ("R&R") of United States Magistrate Judge Kaymani D. West[1] filed on March 6, 2012. In her R&R, the Magistrate Judge recommended that "the court [should] grant Defendants' motion [] and dismiss

---

[1] This matter was referred to Magistrate Judge West pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C.

the complaint without prejudice." (R&R at 4.)  Plaintiffs timely filed Objections to the R&R. (*See*

Obj. [Docket Entry 47].)

**Background Allegations**

In the Complaint, Plaintiffs state the following, verbatim:

> We, the Concern Citizens of St. Mark Elementary School are very disturbed about the closing of our school.  St. Mark Elementary School has been serving the boys and girls at this school for over 50 yrs.  St. Mark Elem. School has received several awards, especially the South Carolina Distinguished School for Student Achievement in 2009-2010 from South Carolina Association of Title I Administrators.

(Compl. at 3.)  In the relief section, Plaintiffs state further that they "want St. Mark Elementary

School to remain <u>Open</u> to be the Magnet School as originally planned." (*Id.* at 4.)

**Standard of Review**

The Magistrate Judge makes only a recommendation to the court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*  However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins.*

*Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **Discussion**

Defendants argue in their Motion to Dismiss and the Magistrate Judge concluded in her R&R that "Plaintiffs' Complaint does not provide a basis for this court's jurisdiction and does not contain an arguable legal theory upon which relief may be granted." (R&R at 2.) More specifically, while the Magistrate Judge noted that Plaintiffs "may have a state-law claim," she found that they "have neither invoked federal question[] nor diversity of citizenship[] jurisdiction" in this case. (*Id.* at 3.) Accordingly, the Magistrate Judge recommended that Defendants' Motion to Dismiss should be granted.

While Plaintiffs did file Objections to the R&R, upon review, nowhere in those Objections do Plaintiffs even attempt to argue that the Magistrate Judge's above findings and conclusions are incorrect. As a matter of fact, the document contains no specific objections to the R&R. *See Diamond*, 416 F.3d at 315 (noting that court reviews for clear error only in the absence of specific objections). Rather, Plaintiffs state only the following: "Our objectives have not change[d], about the closing of St. Mark Elementary School. The information we filed still holds true for our school. . . . *We do object to the dismissal of our petition filed on the 28th of July, 2011*." (Obj. at 1 (emphasis added).) Notwithstanding Plaintiffs' failure to specifically object to any of the Magistrate Judge's findings, the court has reviewed *de novo* Plaintiffs' claim and the Magistrate Judge's R&R. After conducting such a review, the undersigned is left with the firm conviction that the Magistrate Judge's recommended disposition of this case is correct and that Defendants' Motion to Dismiss should be granted.

3

**Conclusion**

The court has thoroughly reviewed the entire record, including the R&R and Objections, and the applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Plaintiffs' Objections and adopts and incorporates by reference the Magistrate Judge's R&R. Accordingly, Defendants' Motion to Dismiss is **GRANTED** and Plaintiffs' Complaint is hereby **DISMISSED** *without prejudice*.

**IT IS SO ORDERED.**

                                            s/R. Bryan Harwell
                                            R. Bryan Harwell
                                            United States District Judge

Florence, South Carolina
March 26, 2012